**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**Case No. 4:92cr4079-WS**

**vs.**                                                    **Case No. 4:09cv237-WS/WCS**

**FRANKIE LEE FERGUSON,**

      **Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION</u>

Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence imposed in 1993. Doc. 120. *See also* doc. 103 (copy of original paper docket sheet scanned into electronic case filing, ECF, containing docket entries 1-102), p. 5. He was directed to show cause why the § 2255 motion should not be summarily dismissed as untimely. Doc. 122 (incorporated herein by reference). Defendant filed a "motion to consider 2255," which is treated as a response to the show cause order. Doc. 123.

As noted in that order, the judgment at issue was affirmed in 1995 and became final before the effective date of the one year time limit for § 2255 motions. Unless one of the later commencement dates as set forth in § 2255(f)(2)-(4) was triggered,

Defendant had until April of 1997 to file a § 2255 motion. Defendant filed his motion on June 19, 2009.

In response, Defendant asserts the motion should not be dismissed because he received two points for possession of a firearm not in his possession but in another person's house. Doc. 123. He asserts that the PSR reflects that his attorney filed objections which the officer preparing the PSR did not receive or address in the original addendum. *Id.* Defendant states that he has been incarcerated since 1992 and does not recall if his attorney ever filed a § 2255 motion. *Id.* He believes the "time limit on a 2255 motion was changed some years later to best of my knowledge. And understanding. So I think the above issue I raised [in] my 2255 motion should not be dismissed as untimely." *Id.*

From a review of the § 2255 motion (doc. 120) or motion to consider it (doc. 123), there is no indication that the one year for filing a § 2255 motion commenced on a later date or, alternatively, that Defendant could establish extraordinary circumstances or due diligence to justify the delay. The § 2255 motion filed in 2009 should be summarily dismissed.

It s therefore respectfully **RECOMMENDED** that Defendant Ferguson's 28 U.S.C. § 2255 motion to vacate (doc. 120) be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 26, 2009.


 S/     William C. Sherrill, Jr.          
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.